UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND MOORE,

        Petitioner,                        Case Number 11-13451
                                                           Honorable David M. Lawson

v.

MICHAEL CURLEY,

        Respondent,
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

        Petitioner Raymond Moore, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner pleaded guilty in the Wayne County, Michigan circuit court to one count of second-degree murder and was sentenced to twenty-five to sixty years in prison. The petitioner alleges that his constitutional rights were violated because he was not mentally competent at his plea hearing or at his sentencing. The respondent has filed an answer to the petition contending in part that the petition was not timely filed in accordance with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). The Court concludes that the petition was filed out of time and the late petition cannot be saved by the doctrine of equitable tolling. The Court, therefore, will dismiss the petition.

I.

        On August 30, 2005, the petitioner pleaded guilty to second-degree murder in state court. In exchange for his plea, the prosecutor dismissed charges of first-degree felony murder and first-degree child abuse. The sentencing occurred on September 22, 2005.

        The petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied on March 6, 2006. *People v. Moore,* No. 268117 (Mich. Ct. App. Mar. 6, 2006).

On September 27, 2006, the Michigan Supreme Court denied the petitioner leave to appeal. *People v. Moore,* 477 Mich. 873; 721 N.W. 2d 579 (2006) (Table).

On February 12, 2007, the petitioner filed an application for writ of habeas corpus in this Court. This Court dismissed the petition without prejudice on October 16, 2007 because the petitioner had failed to exhaust one of his claims. The Court also denied the petitioner's motion to stay the proceedings, because the petitioner had sufficient time to return to the state courts to exhaust this additional claim and then to return to this Court and file a timely habeas petition. *See Moore v. Hofbauer,* Case No. 07-10687, 2007 WL 3173968 (E.D. Mich. Oct. 16, 2007).

The petitioner filed a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et seq.*, but the filing date is in dispute. The respondent argues that the petitioner filed his motion for relief from judgment on May 12, 2009, but the petitioner says that the motion for relief from judgment should be deemed filed on March 3, 2009, the date that he gave the motion to prison officials for mailing. Michigan has recently adopted some form of the prison mailbox rule, which deems a prisoner's pleading filed at the time that it is given to prison officials for mailing to the court. *See* Mich. Ct. R. 7.105, 7.204, 7.205, 7.302. The Court will consider the motion as filed in the trial court on March 3, 2009. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir.1997) (holding that under the prison mailbox rule, a pleading "is deemed filed when the inmate gives the document to prison officials to be mailed" (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988))).

The trial court denied the motion for relief from judgment. *People v. Moore,* No. 05-3869-01 (Wayne Cnty. Cir. Ct., Oct. 21, 2009). The Michigan Court of Appeals denied the petitioner's

application for leave to appeal. *People v. Moore,* No. 295940 (Mich. Ct. App. June 9, 2010). And post-conviction proceedings ended in the state courts on February 7, 2011, when the Michigan Supreme Court denied the petitioner's application for leave to appeal the denial of his post-conviction motion. *People v. Moore,* 488 Mich. 1038; 793 N.W.2d 693 (2011) (Table).

The present petition was signed and dated August 3, 2011, which the Court views as the filing date for the purpose of 28 U.S.C. § 2244(d)(1).

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by that section must be dismissed. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765-66 (E.D. Mich. 2002).

In this case, the Michigan Supreme Court denied the petitioner's direct appeal on September 27, 2006. His conviction became final 90 days later, on or about December 26, 2006. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009); S. Ct. R. 13(1). Therefore, the petitioner was required to file his habeas petition on or before December 26, 2007, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

When the petitioner filed his first habeas petition in this Court on February 12, 2007, 48 days had elapsed on the one-year limitations period. That petition did not stop the clock, however, because a petition for federal habeas review is not an "application for state post-conviction or other review" within the meaning of 28 U.S.C. § 2244(d)(2) that would toll the one year statute of limitations for habeas cases found in 28 U.S.C. § 2244(d)(1). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). The possibility remains that the time between the dismissal of that petition on October 16, 2007 and the date the present petition was filed could be excluded from the limitations period as "a matter of equity." *Id.* at 183. (Stevens, J., concurring).

The Sixth Circuit has stated that a habeas petitioner is entitled to equitable tolling of the limitations period during the time that his original habeas petition was filed in the federal court, provided that the habeas petitioner filed his state post-conviction motion in the state court within thirty days of the federal court's dismissal of the original habeas petition and returned to federal

court no later than thirty days after the conclusion of state post-conviction review. *See Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002) (citing *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002)). But the petitioner filed his motion for relief from judgment in the trial court on March 3, 2009, over one year after this Court dismissed his first petition for writ of habeas corpus without prejudice. His conduct does not reflect eh due diligence that is required of those seeking equity to excuse late filings. *See Huey v. Smith,* 199 F. App'x 498, 502-03 (6th Cir. 2006). Post-conviction review was concluded when the Michigan Supreme Court denied the petitioner's application for leave to appeal on February 7, 2011; an additional 90 days is not added to that date. *See Lawrence,* 549 U.S. at 336 (holding that the limitations period is not further tolled under 28 U.S.C. § 2244(d)(2) for the time during which a petition for writ of certiorari could be filed in the Supreme Court seeking review of the denial of state post-conviction relief). The petitioner did not file the present habeas petition in this Court until 177 days had elapsed after that date. The petitioner did not re-file this habeas petition within thirty days of the conclusion of post-conviction review in this case, and therefore he is not entitled to equitable tolling of the limitations period for the time that his original habeas petition was pending in the federal court. *Palmer,* 276 F. 3d at 781-82; *see also Godbolt v. Russell,* 82 Fed. App'x. 447, 452 (6th Cir. 2003).

Even if this Court did not count the time during which the first habeas petition was pending, the present petition would still be untimely because the petitioner waited over one year following the dismissal of his first petition before filing his motion for relief from judgment in state court. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period under 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*,

337 F. 3d 638, 641 (6th Cir. 2003). Under each of these scenarios, the present petition cannot be viewed as anything but untimely.

The Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). But the Court has cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin*, 308 F.3d at 653. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) ("With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit.").

The petitioner is not entitled to equitable tolling. He waited over a year after the first habeas dismissal before he filed his motion for post-conviction relief. He does not say why he waited so long. That unexplained gap in time precludes him from establishing reasonable diligence in pursuing his rights. *See e.g. Warren v. Garvin,* 219 F. 3d 111, 113-14 (2d Cir. 2000) (holding that a habeas petitioner failed to exhibit reasonable diligence in one-year-eight-month interval between

the dismissal of his first petition and filing his second petition, during which he decided not to pursue his additional claims in state court).

Nor has the petitioner identified any extraordinary circumstances that prevented him from complying with section 2244(d)(1). The petitioner has not replied to the respondent's answer to the petition, but in the petition itself, the petitioner states that he does not have any formal education and has had to rely on appointed counsel or the legal service provided by the penal institution where he was incarcerated in order to file a "timely pleading." But an inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance that would toll the statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d at 766. Nor does ignorance of the law justify equitable tolling. *See Allen v. Yukins,* 366 F. 3d 396, 403 (6th Cir. 2004); *Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002).

The Court is mindful that the petitioner alleges that he was not mentally competent to plead guilty or to allocute at sentencing, and he says he has a history of mental illness. The petitioner alleges that he has been diagnosed with paranoid schizophrenia and manic depression. The petitioner further states that he has attempted suicide in the past and has been hospitalized twice for psychiatric disorders. A habeas petitioner's mental incompetence or incapacity may provide a basis for equitable tolling of the AEDPA's statute of limitations. *Ata v. Scutt*, 662 F. 3d 736, 742 (6th Cir. 2011). But in order to obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) in fact he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations.

*Ibid.* "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Ibid.* (internal citation omitted).

The petitioner has not shown that his mental illness prevented him from managing his own legal affairs and acting upon them. To the contrary, following the denial of his application for leave to appeal on direct review by the Michigan Court of Appeals, the petitioner filed his own *pro se* application for leave to appeal in the Michigan Supreme Court. The petitioner managed to file his first habeas petition with this Court within the one-year limitations period. The petitioner also filed a motion to hold this first petition in abeyance. After the Court dismissed the petitioner's first habeas petition, the petitioner was able to file (belatedly) a motion for relief from judgment in the trial court, and when that motion was denied, the petitioner was able to file an application for leave to appeal in both the Michigan Court of Appeals and the Michigan Supreme Court. Nothing in the record suggests that the petitioner was incompetent during all or part of the time that he allowed to elapse before the limitations period expired. Nor has he shown a causal connection between his mental impairments and his ability to timely file a habeas petition. The petitioner has failed to show that he is entitled to equitable tolling.

Finally, the Sixth Circuit also has held that a credible claim of actual innocence may equitably toll the one-year limitations period. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1190 (E.D. Mich. 2001). As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298,

327-28 (1995) (internal quotation marks omitted)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The petitioner makes no such showing. It fact, he pleaded guilty to the charges against him and his plea was supported by his own statement of the facts. The unlikely prospect here of actual innocence does not warrant equitable tolling.

III.

The petitioner failed to file his petition for a writ of habeas corpus within the one-year limitations period established by 28 U.S.C. § 2244(d). The petitioner has not established that he is entitled to statutory or equitable tolling of the limitations period.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: July 25, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 25, 2012.

                                                 s/Deborah R. Tofil
                                                 DEBORAH R. TOFIL